**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Bryce Tyrone Verhonich,

      Appellant

v.

United States of America,

      Appellee

Case No.: 2:24-cv-02148-JAD-DJA

**Order Denying Appellant's Motion for Release on Bond Pending Appeal**

[ECF No. 26]

      Bryce Tyrone Verhonich was charged with three misdemeanors following a 2022 jet-ski accident on Lake Mead that caused the death of his passenger. After a two-day bench trial, Magistrate Judge Daniel J. Albregts found Verhonich guilty of failing to wear a life jacket, failing to attach a safety lanyard used to turn off a jet ski when its driver falls off, and negligently operating a jet ski. The judge imposed a six-month prison sentence followed by two years of supervised release. Verhonich appealed his conviction and sentence to the district court, and I affirmed both.[1] Verhonich has now escalated that appeal to the Ninth Circuit,[2] and he seeks an order releasing him on bond until that court can take up his appeal.[3] Because Verhonich does not raise substantial questions likely to result in a new trial or acquittal, I deny his motion.

**Discussion**

      18 U.S.C. § 3143 provides that a court must detain a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment" while his appeal is pending unless

---

[1] ECF No. 21.

[2] ECF No. 23.

[3] ECF No. 26.

the court finds by clear and convincing evidence that the defendant is not a flight or safety risk and "the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."[4]  Federal Rule of Appellate Procedure 9(a) requires the district court to "state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case."[5]

The government does not dispute that Verhonich is not a flight or safety risk or that his appeal is not for the purposes of delay.[6]  The parties primarily disagree about whether Verhonich's issues on appeal are substantial.  "[P]roperly interpreted, 'substantial' defines the level of merit required in the question presented and 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented."[7]  A substantial question "is one that is fairly debatable," or "one of more substance than would be necessary to a finding that it was not frivolous."[8]  To meet this standard, the defendant "need not . . . present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal" or a new trial.[9]

Verhonich's appeal focuses on three allegations of error that he contends are substantial: (1) the magistrate judge improperly admitted evidence that should have been excluded under

---

[4] 18 U.S.C. § 1343.

[5] Fed. R. App. P. 9(a).

[6] *See* ECF No. 28.

[7] *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985).

[8] *Id.* at 1283 (cleaned up).

[9] *United States v. Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003).

404(b); (2) insufficient evidence supported his negligent-operation charge; and (3) the magistrate judge impermissibly considered anecdotal evidence when imposing a custodial sentence.[10] Those arguments are discussed in detail in my prior order denying Verhonich's appeal and I incorporate my findings, as well as my summary of facts at issue in this case, by reference.[11] And I conclude that Verhonich has not met his burden to show that his rejected arguments raise a substantial question of law or fact.

**A.    Verhonich's Rule 404(b) arguments aren't substantial.**

Verhonich contends that the trial judge erred when he admitted video evidence of Verhonich (1) not wearing a life jacket four hours before the jet-ski accident; and (2) not attaching the safety lanyard hours after the accident.[12]  He contends that both videos constitute other-bad-acts evidence, and that the government didn't give notice under Federal Rule of Evidence 404(b) that it would be introducing that evidence.  I previously concluded that the life-jacket evidence was inextricably intertwined with Verhonich's charge for failing to wear a life jacket, noting that the government's complaint specifically referenced that video as proof of his failure to wear a life jacket in the hours leading up to the accident.[13]  Because that video constitutes evidence of the crime charged, and Verhonich does not raise any substantial question of law that would suggest otherwise, I do not find fairly debatable Verhonich's argument that it should have been excluded under Rule 404(b).

Verhonich's argument concerning the after-the-fact video of his failure to attach a safety lanyard fares no better.  Though I previously concluded that this evidence was not inextricably

---

[10] ECF No. 26 at 6–14.

[11] *See* ECF No. 21.

[12] ECF No. 26 at 6.

[13] ECF No. 21 at 8–9.

1    intertwined with Verhonich's charges, I found that he could not show on plain-error review that

2    any potential error in admitting that video affected his substantial rights.[14]  Given the

3    overwhelming evidence of Verhonich's guilt on the safety-lanyard charge, Verhonich's

4    arguments that excluding it under Rule 404(b) would have affected the outcome of his trial on

5    this count are not substantial.

6    **B.     Verhonich's negligent-operation charge was supported by sufficient evidence.**

7            Verhonich argues that there wasn't sufficient evidence to support his negligent-operation

8    charge.[15]  He contends primarily that the trial court wasn't permitted to consider his failure to use

9    a life jacket or safety lanyard to convict him on that charge because the negligent-operation

10   regulation is focused only on "how a person caused the vessel to function."[16]  I rejected that

11   argument on appeal, pointing to subsections of the regulation that similarly prohibit operating a

12   watercraft in the presence of "external situations that would make driving the vessel inherently

13   unsafe."[17]  And I concluded that there was sufficient evidence to convict Verhonich even if the

14   trial court did not consider evidence of his failure to use a life jacket or a safety lanyard.[18]  I find

15   that Verhonich's interpretation of the negligent-operation regulation is not fairly debatable

16   because he fails to account for those subsections that directly contradict it.  So Verhonich has not

17   shown that his insufficient-evidence argument raises a substantial question.

18

19

20

---

21   [14] *Id.* at 9–11.

     [15] ECF No. 26 at 9.

22   [16] *Id.* at 11.

23   [17] ECF No. 21 at 14.

     [18] *Id.*

**C.    Verhonich's allegation of error at sentencing is not substantial.**

Verhonich contends that the magistrate judge erred when he imposed a six-month sentence plus a two-year term of supervised release because the court relied on "his personal anecdotal experience" to conclude that a custodial sentence was appropriate here.[19] But as I explained when affirming Verhonich's sentence, the caselaw that he relies on to assert error on that basis is inapposite, and Verhonich cites no persuasive authority or argument to suggest that the judge's comments were an abuse of his discretion.[20] So I cannot conclude that Verhonich's argument is "one of more substance than would be necessary to a finding that it was not frivolous."[21]

Verhonich also argues that the trial court should have sentenced him to a noncustodial sentence based on evidence he submitted showing that a handful of defendants charged with vehicular manslaughter were not given custodial sentences.[22] But Verhonich hasn't shown that those cases are similar enough to substantially support his argument.[23] Even if he had, the Ninth Circuit has specifically held that "a [trial] court does not commit procedural error in its 18 U.S.C. § 3553(a) analysis if it does not consider disparities between state and federal sentences for the same criminal conduct."[24] So, Verhonich's attempt to rely on dissimilar state-court sentences to challenge his custodial sentence is not fairly debatable.

---

[19] ECF No. 26 at 13.

[20] ECF No. 21 at 17–19.

[21] *Handy*, 761 F.2d at 1283 (cleaned up).

[22] ECF No. 26 at 14.

[23] *See* ECF No. 21 at 17.

[24] *United States v. Ringgold*, 571 F.3d 948, 951 (9th Cir. 2009).

Lastly, Verhonich challenges the trial judge's weighing of the § 3553(a) sentencing factors. He argues that "this case was, at heart, a tragic accident" and that the court should have treated it as such.[25] He also focuses on his lack of serious criminal history.[26] But whether the trial judge acted within his sentencing discretion is not a close question. The judge considered the nature and circumstances of Verhonich's crime, his criminal history following the accident, and his lack of remorse about his passenger's death to conclude that a custodial sentence was warranted.[27] Verhonich hasn't shown that the judge's consideration of those things was in error, and he doesn't provide any convincing argument that the judge's decision to treat this as more than a "tragic accident" made his sentence substantively unreasonable. So, because I find that none of Verhonich's appellate challenges are substantial, I deny his motion for release pending appeal.

## Conclusion

IT IS THEREFORE ORDERED that Bryce Tyrone Verhonich's motion for release pending appeal **[ECF No. 26] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
April 7, 2025

---

[25] ECF No. 26 at 14.

[26] *Id*.

[27] *See* ECF No. 21 at 21.